IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DAVID KEE**,

    Plaintiff,

v.

**MICHAEL J. ASTRUE,**

**Commissioner of Social Security**,

    Defendant.

No. CV 10-49-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff David Kee challenges the Commissioner's decision denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") disability benefits. This Court has jurisdiction under 42 U.S.C. § 405(g). For the reasons stated below I affirm the Commissioner's decision.

## PROCEDURAL BACKGROUND

On October 12, 2004, Mr. Kee filed for DIB and SSI under Titles II and XVI of the Social Security Act. AR 14.[1] These applications were denied initially on January 5, 2005, and upon reconsideration on June 24, 2005. AR 14. An administrative law judge ("ALJ") held a hearing on October 17, 2007, and a subsequent hearing on January 16, 2008. *Id.* On February 4, 2008, the ALJ issued his decision denying Mr. Kee's applications. AR 21. The Appeals Council denied review on November 17, 2009, making the ALJ's decision the final decision of the Commissioner. AR 6. Mr. Kee timely appealed to this Court January 15, 2010.

## THE ALJ'S FINDINGS

The ALJ made his decision based upon the five-step sequential process established by the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987); *see also* 20 C.F.R. §§ 404.1520, 416.920 (establishing the five-step evaluative process for DIB and SSI claims). At Step One the ALJ found that Mr. Kee has not engaged in substantial gainful activity since the alleged onset date. AR 16. At Step Two the ALJ found that Mr. Kee suffered from diabetes mellitus; proliferative diabetic retinopathy; methamphetamine abuse vs. dependence, claimed remission; alcohol abuse vs. dependence; cannabis abuse; and an affective disorder resulting from his poly substance abuse. AR 16. Continuing to Step Three, the ALJ found that the combination of impairments does not meet or equal a disorder listed in the Commissioner's regulations. AR 16.

The ALJ next evaluated Mr. Kee's residual functioning capacity ("RFC") finding that he could perform medium work, defined as frequently lifting 25 pounds, occasionally lifting 50 pounds, the ability to sit, stand or walk for six out of eight hours, and unlimited ability to push or

---

[1] Citations to "AR" refer to indicated pages in the official transcript of the administrative record filled with the Commissioner's Answer on February 10, 2010.

pull. AR 17. Based on this RFC, the ALJ found at Step Four that Mr. Kee could perform his past relevant work as a general warehouse laborer and forklift operator. AR 20.

The ALJ continued to Step Five, relying upon testimony from the vocational expert to find that Mr. Kee could work as a hand packager or small product assembler, and that these jobs existed in significant numbers in the national economy. AR 20–21. Based on the Step Four and Step Five findings, the ALJ denied benefits. AR 21.

## STANDARD OF REVIEW

I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The reviewing court may not substitute its judgment for that of the Commissioner. *Robbins*, 466 F.3d at 882. Finally, "the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

# DISCUSSION

Mr. Kee's brief focuses on a single issue: whether the ALJ improperly discounted Dr. Rachel Solotaroff's uncontradicted opinion, which ruled out the performance of even modified, sedentary work. Pl.'s Br. (#20) 4–5; AR 357.

## I.     Dr. Solotaroff's Opinion

### A.     *Legal Standard for Opinions By Treating Physicians*

Dr. Solotaroff was one of Mr. Kee's treating physicians. AR 357. If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record it is entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2).

If the treating physician's opinion is not entitled to controlling weight, it is weighted according to the several factors listed in 20 C.F.R. § 404.1527(d). 20 C.F.R. § 404.1527(d)(2). These factors include length of the treatment relationship, frequency of examination, nature and extent of the relationship, knowledge the treating source has about the claimant's impairments, treatment provided, kinds and extent of examinations and tests, use of specialists or laboratories, supportability, explanation of the opinion, consistency with the record as a whole, specialization, and knowledge of the disability programs. 20 C.F.R. § 404.1527(d).

An ALJ may reject an uncontradicted opinion by a treating physician only by providing "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, an "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately

supported by clinical findings." *Id.* at 1217 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Batson v. Comm'r Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ may reject a physician's testimony to the extent it is predicated upon the testimony of a claimant deemed not credible. *Tonapetyan*, 242 F.3d at 1149.

### A.  *Dr. Solotaroff's Opinion Was Not Entitled To Greater Weight*

Dr. Solotaroff's opinion was given without any laboratory testing results for his diabetes and without conducting a psychological evaluation of his depression. AR 686–87. Dr. Solotaroff's opinion is not entitled to controlling weight because it is not well-supported by clinical or laboratory diagnostic techniques. AR 357; *see also* 20 C.F.R. § 404.1527(d)(2).

The ALJ properly reduced the weight given to Dr. Solotaroff's opinion based on the factors in 20 C.F.R. § 404.1527(d). The ALJ explained that the opinion cites no clinical examination or test findings to support her conclusion, was based on a single office visit, she did not have Mr. Kee's entire medical file, and she was unaware of his substance abuse, especially as it related to his diabetes. AR 19. That final factor is particularly relevant because her treatment notes show that the reason she found reduced functionality was because of Mr. Kee's diabetes and depression. AR 687.

Mr. Kee argues that the ALJ improperly concluded that the opinion was based on single office visit because Dr. Solotaroff said she conducted an "extensive[]" review of his medical records. AR 356. However, this review was necessarily limited to the records Dr. Solotaroff had at the time, which the administrative record shows consisted of just one treatment note from a nurse practitioner dated ten months earlier. AR 337–38. Dr. Solotaroff's statement that she reviewed records going back to 2004 is equally puzzling, because her clinic denied having any

record of Mr. Kee when it was asked for information in 2005. AR 424. Her opinion was based on Mr. Kee's self-reporting, which the ALJ found not credible, a finding that Mr. Kee does not dispute, so the ALJ properly discounted it. AR 19; Pl.'s Br. (#20) 4–5.

Because Dr. Solotaroff's review of the record was very limited; was based upon Mr. Kee's testimony, which the ALJ found not credible; and was based on a single office visit in which Mr. Kee withheld information critical to the diagnosis; the ALJ properly afforded Dr. Solotaroff's opinion lesser weight.

## CONCLUSION

The Commissioner's decision is supported by substantial evidence. Therefore, I AFFIRM the Commissioner's decision, and Mr. Kee's appeal is DISMISSED.

IT IS SO ORDERED.

DATED this  18  day of February, 2011.

                                            /s/ Michael W. Mosman
                                            MICHAEL W. MOSMAN
                                            United States District Court